# EXHIBIT A

# BROCK AND SCOTT, LLP
610 Old York Road, Ste 200
Jenkintown, PA 19046
Phone Number: 844-856-6646
Fax Number: 704-369-0760

Andrew Spivack, Esquire
Bankruptcy Attorney

November 30, 2020

BRAD J. SADEK, ESQUIRE
1315 WALNUT STREET, SUITE 502
PHILADELPHIA, PA 19107
SENT VIA REGULAR MAIL AND E-MAILED TO: brad@sadeklaw.com

RE:   SOSA
      Bankruptcy No. 18-16251-mdc

Dear Counselor:

Our client has advised us that payments have not been made in accordance with the terms of the Stipulation agreed to by the parties and approved by the Bankruptcy Court by an Order entered on August 6, 2019.

Pursuant to the terms of the Stipulation, your client has failed to make regular monthly payments, for the months of October 2020 through November 2020 in the amount of $3,321.13.  In order to cure this default, it will be necessary for your client to remit $6,642.26, representing payments past due under the terms of the Stipulation, within ten (10) days from the date of this letter.

Your client's payment to cure this default should be remitted to: Brock and Scott, PLLC, 3825 Forrestgate Drive – Suite PA, Winston-Salem, NC 27103, ATTN: Bankruptcy Department and made payable to Santander Bank N.A.

If your client does not remit the above amount within the ten (10) day period, we will certify default with the Bankruptcy Court and request relief from the automatic stay.

Bankruptcy Dept.
Brock and Scott, PLLC

cc:   VICTOR M. SOSA
      SANTANDER BANK N.A.

THIS FIRM IS A DEBTOR COLLECTOR ATTEMPTING TO COLLECT A DEBT.  ANY INFORMATION WE OBTAIN WILL BE USED FOR THAT PURPOSE.  IF YOU HAVE PREVIOUSLY RECEIVED A DISCHARGE IN BANKRUPCY, THIS CORRESPONDENCE IS NOT AND SHOULD NOT BE CONSTRUED TO BE AN ATTEMPT TO COLLECT A DEBTOR, BUT ONLY ENFORCEMENT OF A LIEN AGAINST PROPERTY

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: : CHAPTER 13
VICTOR M. SOSA :
DEANNA DIMEMMO-SOSA (Non-Filing Co-Debtor) : BK. No. 18-16251 MDC
Debtors :

STIPULATION IN SETTLEMENT OF MOTION FOR RELIEF
FROM THE AUTOMATIC STAY

It is hereby stipulated by and between Phelan Hallinan Diamond & Jones, LLP, counsel for the Movant, SANTANDER BANK, N.A., and BRAD J. SADEK, Esquire, counsel for the Debtors, as follows:

1. The Automatic Stay as provided by Section 362 of the Bankruptcy Code shall remain in full force and effect conditioned upon the terms and conditions set forth herein.

2. This Stipulation pertains to the property located at 2121 BRANDYWINE STREET, PHILADELPHIA, PA 19130, mortgage account ending with "9278".

3. The parties agree that the total post-petition arrearage consists of three (3) monthly payments for the months of April 2019 through June 2019 at $3,355.23 each, plus attorney fees and costs in the amount of $1,031.00, resulting in the total post-petition arrearage amount of $11,096.69.

4. Within ten (10) days from the date that this stipulation is approved by the Court, Debtor agrees to amend the Chapter 13 Plan to include the aforementioned post-petition delinquency in the amount of $11,096.69, representing all arrearages, charges, fees and other post-petition amounts due through June 1, 2019. The parties agrees that the Movant may file a Notice of Post-Petition Fees, Charges and Expenses as a supplement to file the Proof of Claim for the above-stated amount and that same shall be deemed approved upon entry of the Order approving this Stipulation.

5. The parties agree that the allowed amended secured claim of Movant for pre-petition arrearages in the amount of $58,517.03 and Post-Petition supplement in the amount of $11,096.69 will be paid, in full, through the Amended Chapter 13 Plan. The total delinquency to be paid to Movant through the Chapter 13 plan is $69,613.72.

6. Debtor agrees to remain current post-petition from this day forward. Beginning July 1, 2019, all subsequent monthly payments and late charges shall be due in accordance with the terms of the Mortgage. All payments made pursuant to this Stipulation shall be by certified check or money order payable to SANTANDER BANK, N.A., 1 CORPORATE DRIVE, SUITE 360, LAKE ZURICH, IL 60047.

7. If Debtors provides sufficient proof (front and back copies of checks or money orders) of payments made, but not already credited, the account will be adjusted accordingly.

8. Should the Debtor fail to file an Amended Chapter 13 Plan within the time period prescribed above, or if any regular monthly mortgage payment commencing July 1, 2019 is more than fifteen (15) days late, Movant may send Debtor and counsel a written Notice of Default of this Stipulation. If the default is not cured within ten (10) days of the date of the Notice, counsel shall file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay and Co-Debtor stay under §1301, waiving FED. R. Bankr. P. 3002.1 and waiving Rule 4001 (a)(3) so that the Relief Order is immediately effective and enforceable.

9. In the event the Debtors convert to a Chapter 7 during the pendency of this bankruptcy case, the Debtors shall cure all arrears within ten (10) days from the date of conversion in order to bring the loan contractually current. Should the Debtors fail to bring the loan contractually current, Movant shall send Debtors and counsel a written Notice of Default of this Stipulation. If the default is not cured within ten (10) days of the date of the Notice, counsel shall file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay and Co-Debtor Stay under §1301, waiving FED. R. Bankr. P. 3002.1 and waiving Rule 4001 (a)(3) so that the Relief Order is immediately effective and enforceable.

10. Debtor's tendering of a check to SANTANDER BANK, N.A., which is subsequently returned due to insufficient funds in the account upon which the check is drawn, shall not constitute payment as the term is used in this Stipulation.

11. The parties stipulate that Movant shall be permitted to communicate with the Debtor and Debtor's Counsel to the extent necessary to comply with applicable non-bankruptcy law.

12. The parties agree that a facsimile signature shall be considered an original signature.

Date: June 20, 2019

_____
Jerome Blank, Esq.
Andrew L. Spivack, Esq.
Thomas Song, Esq.
Mario J. Hanyon, Esq.
Attorneys for Movant

_____
BRAD J. SADEK, ESQUIRE
Attorney for Debtor

_____ **NO OBJECTION** ✱
WILLIAM C. MILLER, ESQUIRE
Trustee

✱without prejudice to any trustee rights or remedies

Case 18-16251-mdc    Doc 38-3    Filed 02/23/19    Entered 02/23/19 08:02:12    Desc
Exhibit A    Page 5 of 8

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                                            : CHAPTER 13
VICTOR M. SOSA                                    :
DEANNA DIMEMMO-SOSA (Non-Filing Co-Debtor)        : BK. No. 18-16251 MDC
    Debtors                    :

## ORDER

AND NOW, this _____ day of _____, 2019, it is hereby **ORDERED** that the corresponding Stipulation is hereby approved, shall be, and is hereby made an Order of this Court; and it is further;

**ORDERED** that FEDERAL RULE OF BANKRUPTCY PROCEDURE 3002.1 is no longer applicable to Movant, its successors or assignees.

_____
**MAGDELINE D. COLEMAN,**
**Bankruptcy Judge**

WILLIAM C. MILLER, ESQ.
CHAPTER 13 TRUSTEE
P.O. BOX 1229
PHILADELPHIA, PA 19105

BRAD J. SADEK, ESQ.
SADEK AND COOPER
1315 WALNUT STREET
SUITE 502
PHILADELPHIA, PA 19107

UNITED STATES TRUSTEE
OFFICE OF THE U.S. TRUSTEE
833 CHESTNUT STREET
SUITE 500
PHILADELPHIA, PA 19107

VICTOR M. SOSA
2121 BRANDYWINE STREET
PHILADELPHIA, PA 19130

DEANNA DIMEMMO-SOSA
2121 BRANDYWINE STREET
PHILADELPHIA, PA 19130

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:  :  CHAPTER 13
VICTOR M. SOSA  :
DEANNA DIMEMMO-SOSA (Non-Filing Co-Debtor)  :  BK. No. 18-16251 MDC
Debtors  :

## ORDER

AND NOW, this 6th day of August, 2019, it is hereby **ORDERED** that the corresponding Stipulation is hereby approved, shall be, and is hereby made an Order of this Court; and it is further;

**ORDERED** that FEDERAL RULE OF BANKRUPTCY PROCEDURE 3002.1 is no longer applicable to Movant, its successors or assignees.

_____
**MAGDELINE D. COLEMAN,**
Chief U.S. **Bankruptcy Judge**

WILLIAM C. MILLER, ESQ.
CHAPTER 13 TRUSTEE
P.O. BOX 1229
PHILADELPHIA, PA 19105

BRAD J. SADEK, ESQ.
SADEK AND COOPER
1315 WALNUT STREET
SUITE 502
PHILADELPHIA, PA 19107

UNITED STATES TRUSTEE
OFFICE OF THE U.S. TRUSTEE
833 CHESTNUT STREET
SUITE 500
PHILADELPHIA, PA 19107

VICTOR M. SOSA
2121 BRANDYWINE STREET
PHILADELPHIA, PA 19130

DEANNA DIMEMMO-SOSA
2121 BRANDYWINE STREET
PHILADELPHIA, PA 19130

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: : CHAPTER 13
VICTOR M. SOSA :
DEANNA DIMEMMO-SOSA (Non-Filing Co-Debtor) : BK. No. 18-16251 MDC
             Debtors :

STIPULATION IN SETTLEMENT OF MOTION FOR RELIEF
FROM THE AUTOMATIC STAY

      It is hereby stipulated by and between Phelan Hallinan Diamond & Jones, LLP, counsel for the Movant, SANTANDER BANK, N.A., and BRAD J. SADEK, Esquire, counsel for the Debtors, as follows:

      1.     The Automatic Stay as provided by Section 362 of the Bankruptcy Code shall remain in full force and effect conditioned upon the terms and conditions set forth herein.

      2.     This Stipulation pertains to the property located at 2121 BRANDYWINE STREET, PHILADELPHIA, PA 19130, mortgage account ending with "9278".

      3.     The parties agree that the total post-petition arrearage consists of three (3) monthly payments for the months of April 2019 through June 2019 at $3,355.23 each, plus attorney fees and costs in the amount of $1,031.00, resulting in the total post-petition arrearage amount of $11,096.69.

      4.     Within ten (10) days from the date that this stipulation is approved by the Court, Debtor agrees to amend the Chapter 13 Plan to include the aforementioned post-petition delinquency in the amount of $11,096.69, representing all arrearages, charges, fees and other post-petition amounts due through June 1, 2019. The parties agrees that the Movant may file a Notice of Post-Petition Fees, Charges and Expenses as a supplement to file the Proof of Claim for the above-stated amount and that same shall be deemed approved upon entry of the Order approving this Stipulation.

      5.     The parties agree that the allowed amended secured claim of Movant for pre-petition arrearages in the amount of $58,517.03 and Post-Petition supplement in the amount of $11,096.69 will be paid, in full, through the Amended Chapter 13 Plan. The total delinquency to be paid to Movant through the Chapter 13 plan is $69,613.72.

      6.     Debtor agrees to remain current post-petition from this day forward. Beginning July 1, 2019, all subsequent monthly payments and late charges shall be due in accordance with the terms of the Mortgage. All payments made pursuant to this Stipulation shall be by certified check or money order payable to SANTANDER BANK, N.A., 1 CORPORATE DRIVE, SUITE 360, LAKE ZURICH, IL 60047.

      7.     If Debtors provides sufficient proof (front and back copies of checks or money orders) of payments made, but not already credited, the account will be adjusted accordingly.

      8.     Should the Debtor fail to file an Amended Chapter 13 Plan within the time period prescribed above, or if any regular monthly mortgage payment commencing July 1, 2019 is more than fifteen (15) days late, Movant may send Debtor and counsel a written Notice of Default of this Stipulation. If the default is not cured within ten (10) days of the date of the Notice, counsel shall file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay and Co-Debtor stay under §1301, waiving FED. R. Bankr. P. 3002.1 and waiving Rule 4001 (a)(3) so that the Relief Order is immediately effective and enforceable.

      9.     In the event the Debtors convert to a Chapter 7 during the pendency of this bankruptcy case, the Debtors shall cure all arrears within ten (10) days from the date of conversion in order to bring the loan contractually current. Should the Debtors fail to bring the loan contractually current, Movant shall send Debtors and counsel a written Notice of Default of this Stipulation. If the default is not cured within ten (10) days of the date of the Notice, counsel shall file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay and Co-Debtor Stay under §1301, waiving FED. R. Bankr. P. 3002.1 and waiving Rule 4001 (a)(3) so that the Relief Order is immediately effective and enforceable.

      10.     Debtor's tendering of a check to SANTANDER BANK, N.A., which is subsequently returned due to insufficient funds in the account upon which the check is drawn, shall not constitute payment as the term is used in this Stipulation.

11.    The parties stipulate that Movant shall be permitted to communicate with the Debtor and Debtor's Counsel to the extent necessary to comply with applicable non-bankruptcy law.

12.    The parties agree that a facsimile signature shall be considered an original signature.

Date:   June 20, 2019

_____
Jerome Blank, Esq.
Andrew L. Spivack, Esq.
Thomas Song, Esq.
Mario J. Hanyon, Esq.
Attorneys for Movant

_____
BRAD J. SADEK, ESQUIRE
Attorney for Debtor

_____
WILLIAM C. MILLER, ESQUIRE
Trustee

**NO OBJECTION** *

*without prejudice to any trustee rights or remedies